IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON ALBERTS II, | **08 C 520** |
| Plaintiff, | No. |
| v. | |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | **JUDGE KENNELLY** **MAGISTRATE JUDGE COLE** Jury Trial Requested |
| Defendant. | **J. N.** |

## COMPLAINT

NOW COMES Plaintiff, DON ALBERTS II, by and through his counsel, LISA KANE & ASSOCIATES, P.C., complaining of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.  Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

4.  Plaintiff, DON ALBERTS II, is a male United States citizen who resides in Illinois.

5.  Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, is a not-for-profit corporation properly recognized and sanctioned by the laws of the State of Illinois, which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6.  Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on November 28, 2007, which Plaintiff received on November 29, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. Following Defendant's termination of Plaintiff's employment, a second charge of discrimination was filed on December 3, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a second Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The second Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – TITLE VII - GENDER DISCRIMINATION**

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out

herein.

8. Plaintiff began working for Defendant in November 2001 as an electrophysiology nurse and laboratory manager.

9. At the time of his termination, Plaintiff was one of only two (2) male nurses assigned to the electrophysiology ("E.P.") unit.

10. Throughout his career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's positive performance evaluations, merit-based pay increases, bonuses, and complementary letters from patients and doctors, and any assertion to the contrary is a pretext for discrimination.

11. In contrast to his similarly situated female co-workers, Plaintiff has been held to a higher standard of conduct that exceeds Defendant's harassment policy guidelines.

12. Throughout the duration of his employment, Defendant has assigned Plaintiff to the E.P. unit. The E.P. unit is a cardiac department that experiences a high volume of patients requiring critical care on a daily basis.

13. Based on the uniquely intense pressures they experience, many of the nurses in the E.P. unit have become an extremely close-knit group and will often provide support to each other at the end of a particularly traumatic day or shift.

14. In a meeting on October 26, 2007 with Maureen Gagen, Manager EP Lab, and Yolanda Butler, Director Employee/Labor Relations, Defendant suspended Plaintiff's employment pending an investigation based on allegations of inappropriate behavior from Cathy Johnson and Cindy Browne, two Registered Nurses that had been recently hired by Defendant.

15. The allegations of inappropriate behavior from Registered Nurses Johnson and

Browne included innocent and innocuous behavior that all nurses in the department engaged in. The allegations included:

    a. accusations that Plaintiff referred to other nurses as "honey";

    b. accusations that Plaintiff hugged other nurses; and

    c. accusations that when Plaintiff hugged other nurses, he kissed them on the top of the forehead.

16. As Plaintiff thoroughly explained during the October 26, 2007 meeting, such behavior was shared by all members of the predominately female nursing staff and often occurred at the end of traumatic or stressful shifts. Plaintiff further elaborated that no employee of Defendant, female or otherwise, had ever accused him of inappropriate behavior or touching.

17. Further, in the October 26, 2007 meeting Plaintiff provided several detailed examples of how female nurses in the E.P. unit engaged in the same type of behavior he was accused of towards each other and male employees, including Registered Nurses Johnson and Browne.

18. To further defend his actions, Plaintiff provided Defendant a list of nurses and other employees in his department to contact in order to substantiate his claims.

19. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff by immediately removing his name from the work schedule and refusing to contact any witnesses who could corroborate Plaintiff's claims.

20. Defendant further did not investigate Plaintiff's allegations that female nurses in the E.P. unit engaged in the same type of behavior he was accused of, including Registered Nurses Johnson and Browne.

21. In a meeting on November 16, 2007, Defendant terminated Plaintiff's employment

for the purported reason of a violation of HR Policy 208.

22. In contrast to Plaintiff, Defendant did not terminate the employment of any of the similarly-situated female nurses in his department, despite being presented with evidence that the female employees had engaged in the same conduct that Plaintiff had purportedly committed.

23. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

24. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DON ALBERTS II, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C. Order Defendant to make whole DON ALBERTS II by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.  Order Defendant to pay lost, foregone, and future wages to DON ALBERTS II;

F.  Grant Plaintiff his attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RETALIATION

26. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set out herein.

27. In a meeting on October 26, 2007, with Maureen Gagen, Manager EP Lab, and Yolanda Butler, Director Employee/Labor Relations, Plaintiff complained that Defendant had discriminated against him for a purported violation of HR Policy 208 by failing to investigate and suspend the employment of similarly situated female nurses who have committed similar or more egregious actions.

28. As Defendant failed to address or respond to Plaintiff's reports of discrimination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

29. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct towards male employees.

30. In short proximity to his complaints and the filing of his charge, in a meeting on November 16, 2007, Defendant terminated Plaintiff's employment for the purported reason of a

violation of HR Policy 208.

31.     While Defendant terminated Plaintiff, Defendant did not terminate the employment of any of the similarly-situated nurses in his department who did not engage in statutorily protected activity, despite being presented with evidence that such employees had engaged in the same conduct Plaintiff had purportedly committed.

32.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

33.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

34.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DON ALBERTS II, prays for judgment against Defendant and respectfully requests that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex, and

retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole DON ALBERTS II by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to DON ALBERTS II;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

35. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

> Respectfully submitted,
> DON ALBERTS II, Plaintiff,
>
> By: s/Lisa Kane
> Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093