IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON ALBERTS II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 520 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | ) | Magistrate Judge Cole |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES The University of Chicago Medical Center, by through their attorney, Robert T. Zielinski of Miller Canfield, as and for its Answer to Plaintiff's Complaint, states as follows:

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

## ANSWER:

Defendant denies the allegations of this paragraph other than to admit that the complaint purports to state a claim under Title VII of the Civil Rights Act of 1964. Defendant specifically denies that any violation of Plaintiff's rights occurred or that he is entitled to any relief.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

**ANSWER:**

Defendant denies the allegation of this paragraph other than to admit that subject matter jurisdiction exists under 28 U.S.C. § 1331.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:**

Defendant admits the allegations of this paragraph.

## PARTIES

4. Plaintiff, DON ALBERTS II is a male United States citizen who resides in Illinois.

**ANSWER:**

Defendant admits the allegations of this paragraph.

5. Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, is a not-for- profit corporation properly recognized and sanctioned by the laws of the State of Illinois, which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**

Defendant admits the allegations of this paragraph.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on November 28, 2007, which Plaintiff received on November 29, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. Following Defendant's termination of Plaintiff's employment, a second charge of discrimination

Case 1:08-cv-00520    Document 16    Filed 04/17/2008    Page 3 of 12

was filed on December 3, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a second Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The second Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**

Defendant admits the allegations of this paragraph.

### COUNT I - TITLE VII- GENDER DISCRIMINATION

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1 through 6, inclusive.

8.  Plaintiff began working for Defendant in November 2001 as an electrophysiology nurse and laboratory manager.

**ANSWER:**

Defendant admits the allegations of this paragraph.

9.  At the time of his termination, Plaintiff was one of only two (2) male nurses assigned to the electrophysiology (unit).

**ANSWER:**

Defendant admits that at the time of his termination Plaintiff was one of two male registered nurses working in the electrophysiology unit, but denies any inference of under-representation or other implication suggested by the use of the word "only". Defendant specifically notes that there were only six total nurses in the unit at the time of Plaintiff's termination.

CHLIB:7430.1\135439-00004                    3

10. Throughout his career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiffs positive performance evaluations, merit-based pay increases, bonuses, and complementary letters from patients and doctors, and any assertion to the contrary is a pretext for discrimination.

**ANSWER:**

Defendant denies the allegations of this paragraph.

11. In contrast to his similarly situated female co-workers, Plaintiff has been held to a higher standard of conduct that exceeds Defendant's harassment policy guidelines.

**ANSWER:**

Defendant denies the allegations of this paragraph.

12. Throughout the duration of his employment, Defendant has assigned Plaintiff to the E.P. unit. The E.P. unit is a cardiac department that experiences a high volume of patients requiring critical care on a daily basis.

**ANSWER:**

Defendant admits the allegations of this paragraph.

13. Based on the uniquely intense pressures they experience, many of the nurses in the E.P. unit have become an extremely close-knit group and will often provide support to each other at the end of a particularly traumatic day or shift.

**ANSWER:**

Defendant denies the allegations of paragraph 13 other than to admit that the work performed in the E.P. unit sometimes involves stressful work, just as delivery of health care services in other units will; and that various colleagues in various units will often develop professional bonds and be sources of support to each other.

14. In a meeting on October 26, 2007 with Maureen Gagen, Manager EP Lab, and Yolanda Butler, Director Employee/Labor Relations, Defendant suspended Plaintiffs

employment pending an investigation based on allegations of inappropriate behavior from Cathy Johnson and Cindy Browne, two Registered Nurses that had been recently hired by Defendant.

**ANSWER:**

    Defendant admits the allegations of this paragraph.

    15.    The allegations of inappropriate behavior from Registered Nurses Johnson and Browne included innocent and innocuous behavior that all nurses in the department engaged in. The allegations included:

    a.    accusations that Plaintiff referred to other nurses as "honey";

    b.    accusations that Plaintiff hugged other nurses; and

    c.    accusations that when Plaintiff hugged other nurses, he kissed them on the top of the forehead.

**ANSWER:**

Defendant denies the allegations of paragraph 15, other than to admit that Plaintiff's coworkers complained that Plaintiff had engaged in the specific conduct listed in paragraph 15, as well as other conduct, which they believed to be offensive and directed at them because of their gender. Defendant specifically denies that the conduct was "innocent or innocuous" or the same as that engaged in by others in the department.

    16.    As Plaintiff thoroughly explained during the October 26, 2007 meeting, such behavior was shared by all members of the predominately female nursing staff and often occurred at the end of traumatic or stressful shifts. Plaintiff further elaborated that no employee of Defendant, female or otherwise, had ever accused him of inappropriate behavior or touching.

**ANSWER:**

Defendant denies the allegations of paragraph 16, other than to admit that Plaintiff admitted that he had engaged in various touchings of female co-workers and comments such as cited in paragraph 15 and that Plaintiff said that he considered his conduct to be typical or innocuous.

17. Further, in the October 26, 2007 meeting Plaintiff provided several detailed examples of how female nurses in the E.P. unit engaged in the same type of behavior he was accused of towards each other and male employees, including Registered Nurses Johnson and Browne.

**ANSWER:**

Defendant denies the allegations of paragraph 17.

18. To further defend his actions, Plaintiff provided Defendant a list of nurses and other employees in his department to contact in order to substantiate his claims.

**ANSWER:**

Defendant denies the allegations of paragraph 18 other than to admit that at the time of his suspension Plaintiff suggested that all employees of the department be interviewed and that he later provided a list of some or all of the employees in the department.

19. Rather than perform a proper or thorough investigation, Defendant instead targeted Plaintiff by immediately removing his name from the work schedule and refusing to contact any witnesses who could corroborate Plaintiff's claims.

**ANSWER:**

Defendant denies the allegations of paragraph 19, other than to admit that Plaintiff was promptly suspended from active work pending investigation.

20. Defendant further did not investigate Plaintiffs allegations that female nurses in the E.P. unit engaged in the same type of behavior he was accused of, including Registered Nurses Johnson and Browne.

**ANSWER:**

Defendant denies the allegations of this paragraph.

21. In a meeting on November 16, 2007, Defendant terminated Plaintiff's employment for the purported reason of a violation of HR Policy 208.

**ANSWER:**

Defendant denies the allegations of this paragraph other than to admit Plaintiff was terminated in a meeting held on or about November 16, 2007 for the reason that he had violated Defendant's policies relating to workplace conduct.

22. In contrast to Plaintiff, Defendant did not terminate the employment of any of the similarly-situated female nurses in his department, despite being presented with evidence that the female employees had engaged in the same conduct that Plaintiff had purportedly committed.

**ANSWER:**

Defendant denies the allegations of paragraph 22 other than to admit that it did not terminate any female nurses in connection with the events that lead to Plaintiff's discharge. Defendant specifically denies any implication that there were female nurses who were similarly situated to Plaintiff in regard to the conduct which lead to Plaintiff's termination or who engaged in the same conduct for which Plaintiff was terminated.

23. Any reasons proffered by Defendant for terminating Plaintiffs employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

**ANSWER:**

Defendant denies the allegations of this paragraph.

24. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Defendant denies the allegations of this paragraph.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Defendant denies the allegations of this paragraph.

### COUNT II - TITLE VII- RETALIATION

26. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1-10 inclusive.

27. In a meeting on October 26, 2007, with Maureen Gagen, Manager EP Lab, and Yolanda Butler, Director Employee/Labor Relations, Plaintiff complained that Defendant had discriminated against him for a purported violation of HR Policy 208 by failing to investigate and suspend the employment of similarly situated female nurses who have committed similar or more egregious actions.

**ANSWER:**

Defendant denies the allegations of paragraph 27.

28. As Defendant failed to address or respond to Plaintiffs reports of discrimination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

**ANSWER:**

Defendant denies the allegations of paragraph 28, other than to admit that Plaintiff filed a baseless charge of discrimination on or about November 15, 2007.

29. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. based on his opposition to and reporting of Defendant's discriminatory conduct towards male employees.

**ANSWER:**

Defendant denies the allegations of paragraph 29.

30. In short proximity to his complaints and the filing of his charge, in a meeting on November 16, 2007, Defendant terminated Plaintiff's employment for the purported reason of a violation of HR Policy 208.

**ANSWER:**

Defendant denies the allegations of paragraph 30, other than to admit that Plaintiff's employment was terminated on or about November 16, 2007 because Plaintiff had violated Defendant's policies relating to workplace conduct.

31. While Defendant terminated Plaintiff, Defendant did not terminate the employment of any of the similarly-situated nurses in his department who did not engage in statutorily protected activity, despite being presented with evidence that such employees had engaged in the same conduct Plaintiff had purportedly committed.

**ANSWER:**

Defendant denies the allegations of paragraph 31 other than to admit that it did not fire any nurses in the Plaintiff's department in connection with the events that lead to Plaintiff's termination. Defendant specifically denies that there were any nurses who were "similarly-situated" to Plaintiff in a way that is relevant to this lawsuit, that there were others who engaged in the same conduct or that any evidence of the existence of such persons was ever presented to Defendant.

32. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

**ANSWER:**

Defendant denies the allegations of this paragraph.

33. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Defendant denies the allegations of this paragraph.

34. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Defendant denies the allegations of this paragraph.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to comply in good faith with all statutory prerequisites to suit.

2. Plaintiff has failed to take reasonable steps to mitigate any damages he claims to have suffered.

3. The relief sought by Plaintiff is barred in whole or in part by the fact that Plaintiff engaged in serious misconduct, specifically the wrongful diversion of narcotic drugs from the Defendant's inventory to his personal use or possession, and proof of such conduct was discovered shortly after Plaintiff's termination. Had this conduct been discovered while Plaintiff was still employed, he would have been fired immediately for engaging in the behavior. As a result, Plaintiff should be barred from collecting any damages from and after the date Defendant discovered Plaintiff's wrongful conduct.

4. Plaintiff's claim for retaliation is barred by the fact that his charge of discrimination/opposition lacked any basis in law or fact and was instead motivated by bad faith.

5.      The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

WHEREFORE, Defendant, The University of Chicago Medical Center, prays that this Court enter an order dismissing this Complaint with prejudice, together with such other and further award as is just under the circumstances.

Dated:  April 17, 2008                                  Respectfully submitted,

The University of Chicago Hospitals


By: /s/ Robert T. Zielinski
       One of its Attorneys

Robert T. Zielinski
Miller Canfield Paddock and Stone, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone (312) 460-4216
Fax: (312) 460-4201
*Attorneys for Defendant*
www.zielinski@millercanfield.com

## **CERTIFICATE OF SERVICE**

      I, Robert T. Zielinski, certify that on April 17, 2008, I served the attached **Defendant's Answer to Plaintiff's Complaint** by electronically filing it with the Clerk of the Court by using the CM/ECF System, which will send notification of such filing to the following parties:

> Lisa Kane & Associates, P.C.
> 120 South LaSalle Street
> Suite 1420
> Chicago, IL  60603

                                     s/ Robert T. Zielinski
                                     One of the Attorneys for Defendants

CHLIB:7430.1\135439-00004